UNITED STATES DISTRICT COURT
EASTERN DISTRICT of TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
)
v. ) 1:12-cr-144
)
TERRY MICHAEL HONEYCUTT ) Judge Mattice
and ) Magistrate Judge Carter
TONY DEWAYNE HONEYCUTT )

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from at least in or about April 2008 and continuing to in or about November 2010 in the Eastern District of Tennessee, the defendants, TERRY MICHAEL HONEYCUTT, TONY DEWAYNE HONEYCUTT, and others known and unknown to the Grand Jury did combine, conspire, confederate, and agree to knowingly, intentionally, and without authority manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### COUNT TWO

The Grand Jury further charges that from at least in or about April 2008 and continuing to in or about November 2010 in the Eastern District of Tennessee, the defendants, TERRY MICHAEL HONEYCUTT, TONY DEWAYNE HONEYCUTT, and others known and unknown to the Grand Jury did combine, conspire, confederate, and agree to knowingly, intentionally, and without authority possess and distribute iodine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(c)(2).

## COUNT THREE

The Grand Jury further charges that from at least in or about April 2008 and continuing to in or about November 2010 in the Eastern District of Tennessee, the defendants, TERRY MICHAEL HONEYCUTT, TONY DEWAYNE HONEYCUTT, and others known and unknown to the Grand Jury did combine, conspire, confederate, and agree to knowingly, intentionally, and without authority possess chemicals, products, and materials which may be used to manufacture methamphetamine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that the chemicals, products, and materials would be used to manufacture methamphetamine, in violation of Title 21, United States Code, Sections 846 and 843(a)(6).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction for the controlled substance offense alleged in Count One, Two, or Three, defendants TERRY MICHAEL HONEYCUTT and TONY DEWAYNE HONEYCUTT shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

## MONEY JUDGMENT

A Money Judgment in the amount of at least $269, 751.98 in U.S. currency, which represents the proceeds of the sale of the List I chemical against the defendants TERRY MICHAEL HONEYCUTT

and TONY DEWAYNE HONEYCUTT, who shall be jointly and severally liable for the money judgment.

3. If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

**SIGNATURE REDACTED**

_____
GRAND JURY FOREPERSON

WILLIAM C. KILLIAN
United States Attorney

By: _____
Jay Woods
Assistant United States Attorney